# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAY JASON,

    Plaintiff,

v.

GENERAL ELECTRIC CO.,

    Defendant.

Case No. 2:06-CV-0599-KJD-RJJ

**ORDER**

    Presently before the Court is Plaintiff's Motion for Leave to Substitute Party, John Kish, for Defendant, John Doe I (#15). Defendant filed a Response (#16) on January 22, 2007. To date, Plaintiff has not filed a reply.

**I. Background**

    Plaintiff filed a Complaint with the District Court of Clark County, Nevada on April 6, 2006, alleging to have suffered a severe electrical shock while servicing a piece of electrical equipment. (Pl's Mot. to Sub. at 2). The Complaint names Defendant General Electric Company, along with unnamed Defendants John Does I through V, and Roe Corporations I through V. Id. On May 15, 2006, Defendant General Electric Company removed the instant case to federal court on grounds of

diversity jurisdiction. (Def.'s Resp. in Opp. at 2). On January 1, 2007, Plaintiff filed the instant Motion to substitute John Doe I with John Kish as Defendant, pursuant to Fed. R. Civ. P. 10, and Fed. R. Civ. P. 15, claiming that Kish's identity as the General Electric employee who serviced the electrical equipment that caused Plaintiff's injuries was discovered only upon disclosure of documentation between parties under FRCP 16.1. Id. at 3. In opposition, Defendant contends that Plaintiff's instant Motion should be denied because the addition of Kish as a Defendant would destroy diversity jurisdiction, is unnecessary, and is barred by Nevada's statute of limitations for personal injury claims.

**II. Analysis**

The Court finds Plaintiff's instant Motion to be deficient both substantively and procedurally. Plaintiff's Motion is styled as a motion for leave to substitute party, however, it is brought under Fed. R. Civ. P. 15, as a motion to amend, and requests that the Court allow the amendment of proposed Defendant Kish to relate back to the date of filing of the original Complaint pursuant to Fed. R. Civ. P. 15(c). Plaintiff seeks amendment under Rule 15(c) in order to overcome the fact that the immediate Motion was filed after the applicable Nevada statute of limitations for personal injury claims had run.[1] Furthermore, LR 15-1 requires that an original proposed amended pleading must be signed and attached to any motion to amend. Here, Plaintiff has failed to sign or attach a proposed amended pleading. Plaintiff also fails to address that the addition of proposed Defendant John Kish at this point in the litigation would destroy diversity jurisdiction.

---

[1] The applicable Nevada statute of limitations is two years for personal injury claims. NRS 11.190(4)(e). Here, Plaintiff filed his original Complaint on April 6, 2006. The injury was allegedly suffered on April 12, 2004.

**IV. Conclusion**

The Court finds Plaintiff's Motion for Leave to Substitute Party, John Kish, for Defendant, John Doe I (#15) procedurally deficient; therefore, said Motion is denied without prejudice. Should Plaintiff again seek to join proposed defendants that would destroy complete diversity, both parties are invited to brief the issue of diversity jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Substitute Party, John Kish, for Defendant, John Doe I (#15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has fifteen (15) days in which to file a motion to amend complaint.

DATED this 19th day of June 2007.

Kent J. Dawson
United States District Judge